IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kathleen Jennings, | ) | Case No. 6:20-cv-00869-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Travelers Home and Marine Insurance Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff Kathleen Jennings' ("Jennings" or "Plaintiff") Rule 59(e) Fed. R. Civ. P, Motion to Alter or Amend (DE 72) this Court's May 9, 2022, Order (DE 71) (the "Order") granting Defendant Travelers Home and Marine Insurance Company ("Travelers" or "Defendant") partial summary judgment as to Plaintiff's bad faith claim. For the reasons set forth below, the motion is denied.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Collison v. Int'l Chm. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff contends "[t]he Court's Order erroneously determines that the Plaintiff did not comply with the Policy provisions in a manner which allowed Travelers to properly investigate the claim . . . to springboard to its conclusion that there is an 'objectively reasonable ground' for contesting the outstanding claims . . . to find that summary judgment is appropriate when at the same time stating that there was a dispute as whether Travelers properly

1

paid Plaintiff's insurance claim." (DE 72 p. 3.) Plaintiff cites to footnote 2 in the "Background" section of this Court's Order ostensibly for the purported "error of law" which has no correlation to the Court's ruling of Bad Faith or Plaintiff's defense thereof in its brief in response to Traveler's motion for summary judgment. Footnote 2 states:

> The Policy contained an exclusion, loss limitations and conditions provision which imposed the following:
>> 2. Duties After Loss. In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either . . .
>> d. Protect the property from further damage. If repairs to the property are required, you must:
>> (1) Make reasonable and necessary repairs to protect the property; and
>> (2) Keep an accurate record of repair expenses;
>> e. Cooperate with us in the investigation of a claim;
>> f. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;
>
> (DE 55-1, at § I.2(d)-(f).) *The Plaintiff did not comply with these provisions in a manner which allowed Travelers to properly investigate the claim, thereby causing the present dispute.* (Emphasis added.)

(DE 71, p. 2, n. 2.) While the sentence in question is neither a finding of fact or conclusion of law, nevertheless, Plaintiff ignores its defense to Traveler's motion and this Court's ruling on the same in the Motion to Alter or Amend. This Court held,

> Plaintiff suggests the bad faith here arises from the 'handling of damage its agent did to the Plaintiff's property.' (DE 64, p. 5.) Plaintiff relies on her expert, Maurice Kraut, CPCU ("Kraut"), to substantiate her claims, which she contends creates a fact dispute to survive summary judgment. Id. To the contrary, the fact dispute (to the extent it exists) is not material to the question of whether Travelers refused to pay benefits under the Policy; rather, it relates to the parties' respective third-party claims. Therefore, summary judgment is appropriate here.

(DE 71, p. 8.)

Thus, this Court's ruling was not predicated on a finding that Plaintiff did not comply with claims procedures, rather it was based on the Court's rejection of Plaintiff's Breach of Fiduciary

2

Duty claim, which Plaintiff bases her "bad faith . . . handling of the damages its agent did to the Plaintiff's property." (DE 64, p. 5.) "The elements of an action for bad faith refusal to pay benefits under an insurance contract include: '(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) *refusal by the insurer to pay benefits due under the contract*; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.'" Cock-N-Bull Steak House v. Generali Ins. Co., 321 S.C. 1, 6, 466 S.E.2d 727, 730 (1996) (emphasis added). Consequently, this Court found that "Plaintiff has not offered any evidence showing that Travelers refused to pay claims that were properly submitted under the Policy[,]" and that Plaintiff had been paid approximately $50,000 in total on the claims, among other reasons. (DE 71, p. 8.) Accordingly, Plaintiff fails to demonstrate an error of law or manifest injustice.

Therefore, the Court's Order is not a clear error of law nor manifestly unjust, nor has there been a change in controlling law or new evidence to consider since the ruling. Accordingly, there is no basis to reconsider the Court's prior Order. For these reasons, the Court denies Plaintiff's Motion to Alter or Amend (DE 72).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
July 25, 2022